(26 App. Div. 518.)

PARENTO v. TAYLOR et al.

(Supreme Court, Appellate Division, Second Department. March 29, 1898.)

INJURY TO EMPLOYE—ASSUMPTION OF RISK.

In an action by an employé to recover damages from his employer for injuries received while hoisting an iron casting by means of a crane running on an overhead tramway, there was evidence that the accident might have been due either to rust and lack of oiling, or to the stretching of a chain used in connection with the crane, but there was no direct evidence that it was due to the latter cause. The case was submitted to the jury solely on the question whether the chain had stretched. There were other cranes available which were oiled and free from rust, but the one actually used had been selected by plaintiff with knowledge of its condition. *Held*, that the refusal to dismiss the complaint constituted error.

Appeal from trial term.

Action by Joseph Parento against Taylor & Co. From a judgment entered in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert C. Smyth, for appellants.

J. Stewart Ross, for respondent.

GOODRICH, P. J. The action is brought to recover damages for injuries sustained by the plaintiff while in the defendants' employ. The jury rendered a verdict for $500, and from the judgment entered thereon, and the order denying a motion for a new trial, the defendants appeal. At the close of the plaintiff's case a motion was made to dismiss the complaint. This motion was denied, and exception taken. The same motion was renewed at the close of the entire case, with the same ruling and exception. The plaintiff had been in the employ of the defendants for three or four years, and his duty required the moving of heavy iron castings from place to place. These heavy castings were moved by means of cranes running along an overhead structure known as a "tramway" or "traveler." There were several of these cranes, and the plaintiff, shortly before the accident, selected one of them to move a heavy casting weighing some 350 pounds. While moving the casting he received his injury. The crane has two heavy chains, known as "hoisting" or "load" chains, running around two pulleys, and also an endless chain, somewhat smaller than the other,

running to a separate pulley, which is geared onto the main pulley. This lighter or hand chain does not sustain any bearing weight, but is simply used to operate the main pulley.    It runs through the upper, but not the lower, pulley.    The heavy load chain moves slowly, and it requires 50 pulls of the hand chain to raise a casting 9 inches by means of the load chain.    It appears that the plaintiff had frequently used these cranes, including the one which caused his injury, and was familiar with the method of their operation. .  On the occasion in question he was using the hand chain to hoist a casting, and had lifted it several inches when it failed to work, whereupon he took hold of the lowering part of the hand chain and pulled upon it.    This set free the heavy chain, and the load came down suddenly.    The plaintiff testified: "I didn't have a chance to pull my hand away.    The weight of it brought my hand into the middle chain, which is attached to the hook, and my fingers were drawed in between that wheel—the lower wheel—and the chain."    Three of his fingers were taken off.    It appeared by the testimony of Lynch, another witness for the plaintiff, that this particular crane had worked hard at times.    He testified: "I found out why it worked hard.    It was not oiled; it was not oiled, and then it ran dry, like there was no oil on it.    It would get hot and stick, same as any other piece of machinery."    The original complaint alleged that the accident resulted from the fact that "the chain held by plaintiff (being insecure, insufficient, and negligently and improperly used for this purpose) suddenly parted from its position," and this occasioned injury to the plaintiff.    Some testimony was given tending to show that the accident occurred from a failure to oil the chain before using, and that it resulted from rust upon the chain; but the complaint was amended at the trial, after both parties had rested, so as to allege that the accident occurred from "the defective condition of said hoisting machine, which said defect consisted in the chain, which formed a part of said hoisting machine, having become stretched or out of repair, so that it caught in the sheaves of the pulleys of said hoisting machine, and became fast."    The following colloquy occurred:

"Mr. Smyth: I understand that, as the complaint reads here, we are meeting the complaint that the chain had stretched?   The Court:   That and that alone. Mr. Ross:   Yes; and that that inference can be drawn from the facts?   The Court:   Yes; but that particular defect of the stretching of the chain, that is the reason the accident happened.   Mr. Smyth:   Yes; so that they now eliminate rust, want of oil, and everything but the stretching of the hand chain.   Mr. Ross:   Yes; eliminate all that."

There was also positive evidence on behalf of the defendants, which seems to have been uncontradicted, as follows:

"By the Court:   Q. Was there any stretching of this chain on this machine? A. There could not. possibly have been.   By the Court:   Q. As matter of fact, you say?   A. No, sir; there was not."

The court in its charge said:

"No one swears the chain was lengthened, but the plaintiff, without saying he saw the chain was lengthened, asked you to find that, from the happening of the accident in the way it did, the chain must have been out of order in the way his complaint now claims it was, as no other condition would account for the accident. It is for you to say, as a question of fact, whether the defendant was negligent in having in use a machine out of order, and whether the plaintiff was free from all neglect."

To this no exception was taken.

The question is thus presented whether there was testimony justifying the refusal to dismiss the complaint, and the finding of a verdict that the accident resulted from the imperfect condition of the machine. The only defect which is the subject of consideration is that which resulted from the alleged stretching of the chain. There is no evidence that the chain was stretched. It appears affirmatively, with more or less force, that the chain was not stretched, but the plaintiff's counsel in his brief says:

"It is true that there is no direct evidence pointing out a particular defect in the crane, but the evidence of defendant's witness Smith, as to the effects of the stretching of a link of the middle chain, corresponds so closely, even in details, with what actually occurred that the inference forces itself upon the mind that a link in the chain of this crane was stretched."

This is the ground, if any, upon which the case must rest. This is not one of those cases in which the doctrine res ipsa loquitur applies. The accident might have resulted, as the plaintiff's evidence indicates, from rust and failure to oil, or from stretching of the chain, and it cannot be said that the accident resulted necessarily from a stretched chain, even if there was evidence sufficient to establish that fact. In addition to this, there were several cranes which the plaintiff might have used, and he selected the crane with which he attempted to raise the casting. There is no evidence that the machine was improperly constructed, and the selection by the plaintiff of a crane which had rust and dirt in its parts, and was not oiled, instead of one of the other machines which were free from this trouble, and the fact that he noticed this condition, constituted a clear assumption of an obvious risk. A somewhat similar question was decided at the present term of this court, and the reasoning of the opinion applies to this action. Garvey v. Steamship Co. (not yet officially reported) 50 N. Y. Supp. 77.

The refusal to dismiss the complaint was error for which the judgment and order must be reversed, and a new trial granted. All concur.